G                    IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN HOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 5744 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| TISHMAN SPEYER PROPERTIES, L.P., and | ) | |
| LENNY SCIASCIA, in his individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lauren Hobson filed a five-count second amended complaint against her previous employer, Tishman Speyer Properties, L.P. ("Tishman Speyer"), and her direct supervisor, Lenny Sciascia ("Sciascia"), in his individual capacity. The complaint alleged sexual harassment, gender discrimination, and retaliation by Tishman Speyer in violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. (Counts I and II, respectively); common-law assault and battery by Tishman Speyer and Sciascia (Count III); common-law intentional infliction of emotional distress ("IIED") by Tishman Speyer and Sciascia (Count IV); and retaliatory discharge by Tishman Speyer in violation of public policy under Illinois law (Count V). Sciascia has moved to dismiss Counts III and IV under the Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Since Sciascia filed his motion to dismiss, plaintiff has filed a third amended complaint on July 22, 2008, voluntarily dismissing Counts III and V. Therefore, the court will consider only Sciascia's motion as to plaintiff's claim of IIED

(Count IV of the second amended complaint and Count III of the third amended complaint).[1] For the reasons discussed below, Sciascia's motion to dismiss is granted.

**BACKGROUND**[2]

Plaintiff first filed her claim on October 10, 2007, when she filed a five-count complaint in federal court against her former employer Tishman Speyer and her former supervisor at Tishman Speyer, Lenny Sciascia. Counts I (gender discrimination and sexual harassment) and Count II (retaliation) were brought pursuant to Title VII against defendant Tishman Speyer. Counts III (assault and battery) and Count IV (intentional infliction of emotional distress) were brought pursuant to Illinois state common law against all defendants. Count V (retaliatory discharge) was brought pursuant to Illinois state common law against Tishman Speyer. On December 3, 2007, the court dismissed her Title VII claims without prejudice because she had not yet received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), a prerequisite to suit in this court under Title VII. The court also declined supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

After plaintiff obtained the right-to-sue letter, she re-filed her suit as a first amended complaint in this court on February 5, 2008. Plaintiff included only the Title VII claims against defendant Tishman Speyer in the first amended complaint.[3] She did not assert any state law

---

[1] To avoid confusion, the court will refer to the IIED claim as "Count IV".

[2] An abbreviated recitation of the facts alleged in the complaint can be found in the memorandum opinion issued by this court denying defendant Tishman Speyer's motion to dismiss. Hobson v. Tishman, 2008 WL 2625905 (N.D. Ill. June 27, 2008).

[3] This court previously denied defendant Tishman Speyer's motion to dismiss the state
(continued...)

2

claims against Sciascia despite repeated references to him as a defendant in the caption, preamble and body of the text.

On March 20, 2008, plaintiff filed a second amended complaint and added the original state law claims against both Tishman Speyer and Sciascia. On July 22, 2008, plaintiff filed a third amended complaint retaining Count I (Title VII - gender discrimination and sexual harassment), Count II (Title VII - retaliation), and Count IV (common law - IIED) of the second amended complaint. Pas mentioned above, plaintiff voluntarily withdrew Count III (common law - assault and battery) and Count V (common law - retaliatory discharge).

## DISCUSSION

Sciascia has moved to dismiss Count III (assault and battery) and IV (intentional infliction of emotional distress) of plaintiff's second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Sciascia claims that he has never been properly served with process under Rule 4(e)(2) and that Counts III and IV are time barred. Because plaintiff voluntarily dismissed the assault and battery claim in her third amended complaint filed after Sciascia moved for dismissal, the court will consider only his arguments as to the remaining count of IIED.

---

[3](...continued)
law claims as time-barred because plaintiff's re-filing fell within the statute of limitations set forth in 28 U.S.C. § 1367(d). Hobson v. Tishman, 2008 WL 2625905 (N.D.Ill. June 27, 2008).

Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. See McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006). The complaint must, nevertheless, plead sufficient facts to suggest plausibly that the plaintiff is entitled to relief. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).

Statute of Limitations

The first issue before the court is whether Count III (common law - intentional infliction of emotional distress) of plaintiff's third amended complaint is time-barred.

Federal law provides that "[t]he period of limitations ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. 1267(d). The Illinois Code of Civil Procedure (the "Code") provides for a tolling period of one year following a dismissal by a United States District Court for lack of jurisdiction. 735 ILCS 5/13-217. The relevant part of the Code states:

> In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the

4

remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue. No action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired.

The Supreme Court of Illinois has held that § 13-217 permits plaintiffs only a single refiling during the one-year extension. Koffski v. Village of North Barrington, 988 F.2d 41, 43 (7th Cir. 1993); Flesner v. Youngs Development Co., 145 Ill.2d 252, 254 (1991); Gendek v. Jehangir, 119 Ill.2d 338 (1988). Additionally, the courts have construed § 13-217 to allow plaintiffs to refile either in state court or in the appropriate federal court. Evans v. Lederle Laboratories, 167 F.3d 1106, 1111-12 (7th Cir. 1999). The purpose of the savings clause is to "facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits" while simultaneously "serv[ing] as an aid to the diligent, not a refuge of the negligent." Gendek, 119 Ill.2d at 343.

Accordingly, plaintiff's suit was tolled from October 10, 2007 – the date of filing – to December 3, 2007 – the date of dismissal, plus an additional one year pursuant to the more generous terms of § 13-217. Sciascia argues that plaintiff's February 5, 2008, amended complaint qualifies as the single refiling allowed for purposes of § 13-217, and that the March 20, 2008, second amended complaint is an impermissible second re-filing. Plaintiff contends that defendant was properly named as a party defendant because Sciascia is repeatedly referred to in the caption, preamble, and body of the of the February 5, 2008 amended complaint.[4]

---

[4] Additionally, plaintiff calls the court's attention to an informal agreement between plaintiff's attorneys and Sciascia's attorneys whereby they jointly agreed for plaintiff's attorneys to remove reference to Sciascia in the amended complaint. Plaintiff cites this agreement as lending support to their argument that defendant acknowledged that he was in fact a named party
(continued...)

5

The court agrees that plaintiff's February 5, 2008, amended complaint counted as her re-filing as permitted under § 13-217. This refiling was her single opportunity to reinstate claims brought in her original complaint dismissed before she acquired her right-to-sue letter from the EEOC. Though Sciascia's name appeared multiple times in the document, there were no claims for relief brought against him individually. Indeed the amended complaint contained only two Title VII claims titled "Count I (Hobson v. Tishman) (Title VII - Gender Discrimination and Sexual Harassment)" and "Count II (Hobson v. Tishman) (Title VII - Retaliation)." Of course, Title VII claims cannot be brought against a supervisor in his individual capacity. Silk v. City of Chicago, 194 F.3d 788, 797 n.5 (7th Cir. 1999).

Once Sciascia was excluded from the February 5, 2008 refiling, plaintiff could not resurrect her claims against him in the second amended complaint, even if granted leave by the court, because that would qualify as a second refiling beyond the limitations period. See Ryan v. School Dist. No. 47, 267 Ill.App.3d 137, 141-42 (Ill.App. 2 Dist., 1994) ("bringing the previously dismissed defendant back into the case by the service of summons and by filing an amended complaint against him as an amended complaint was just as efficacious as filing a new independent action against defendant."). Therefore, Sciascia's motion to dismiss is granted because Count IV of the second amended complaint is time barred.[5]

## **CONCLUSION**

---

[4](...continued)
to the complaint. This argument is without merit and will not be considered in this opinion.

[5]The court need not decide the issue of whether Sciascia was properly served with process under Rule 4(e)(2).

For the reasons explained above, defendant Sciascia's motion to dismiss Count IV of the second amended complaint (Count III of the third amended complaint) is granted.

**ENTER:** **November 5, 2008**

_____
**Robert W. Gettleman
United States District Judge**